UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROOKS AUTOMOTIVE GROUP, INC. formerly known as BROOKS OLDSMOBILE-CADILLAC-GMC TRUCK, INC. and B.L.P. REAL ESTATE, LLC, <br><br>　　　　　　　　Plaintiffs, <br><br>　v. <br><br>GENERAL MOTORS LLC, <br><br>　　　　　　　　Defendant. | CIVIL NO. 2:18-CV-00798-MJH <br><br> Hon. Marilyn J. Horan <br><br><br><br><br> JURY TRIAL DEMANDED |

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT III OF PLAINTIFFS' COMPLAINT

NOW COME Plaintiffs Brooks Automotive Group, Inc. formerly known as Brooks Oldsmobile-Cadillac-GMC Truck, Inc. ("Brooks") and B.L.P. Real Estate, LLC ("BLP") (collectively "Plaintiffs"), by and through their undersigned counsel, and file the within motion seeking reconsideration of the Court's Opinion and Order dated February 5, 2019 ("Order") with respect to its dismissal of Count III of Plaintiffs' Complaint.

　　　　1.　　　Plaintiffs' Complaint asserted claims against Defendant General Motors LLC ("GM") for statutory violation of Sections 12(b)(3) and 12(b)(5) of the Pennsylvania Board of Vehicles Act (63 P.S. § 818.1 *et. seq.*) (the "Act"). Brooks also asserted claims against GM for tortious interference with its contract with Harper Autogroup and GM's breach of its duty of good faith and fair dealing of the parties' dealer agreement.

　　　　2.　　　GM sought to dismiss the majority of Plaintiffs' claims through the filing of a partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

3. Through its Order, the Court granted, *inter alia*, GM's motion to dismiss Plaintiff Brooks' claim for tortious interference with contract, including its punitive damages claim, under Count III of the Complaint.

4. Plaintiff Brooks now seeks reconsideration of the Court's Order dismissing its Count III claim for tortious interference with contract, including Brooks' claim for punitive damages.

5. The Court's dismissal of Count III is directly contrary to the Third Circuit's decision in *Big Apple BMW, Inc. v BMW of North America, Inc.*, 974 F.2d 1358, 1381-82 (3d Cir. 1992) wherein the Third Circuit expressly acknowledged that a manufacturer's improper withholding of consent to a proposed transfer in violation of Section 12(b)(3) of the Act would nullify the manufacturer's "privilege" under the parties' dealer agreement and thereby create a viable claim for tortious interference with contract under Pennsylvania common law. *Id.* The Third Circuit subsequently acknowledged its *Big Apple* analysis in *Crivelli v General Motors Corporation*, 215 F.3d 386, (3d Cir. 2000) when it stated "Crivelli relies on our decision in *Big Apple BMW, Inc.* [citation omitted] that the withholding of consent pursuant to a franchise agreement may constitute improper interference if the action violated the Pennsylvania Board of Vehicles Act." However, the Court in *Crivelli* then distinguished *Big Apple BMW* by finding that Crivelli's claims involved the manufacturer's exercise of a right of first refusal as opposed to an unreasonable withholding under Section 12(b)(3) of the Act. *Id.* at 392. In *Crivelli*, the Third Circuit held that a manufacturer's exercise of its right of first refusal cannot constitute a Section 12(b)(3) "unreasonable withholding" violation because the exercise of the manufacturer's right of first refusal presents little, if any, likelihood of harm to the dealer. *Crivelli, supra* 215 F.3d at 392. Unlike *Crivelli*, this case does not involve an exercise of right of first refusal by GM, and,

consequently, the Third Circuit's ruling in *Big Apple BMW* applies. *See also, Rosado v. Ford Motor Company*, 337 F.3d 291, 296 (3d. Cir. 2003) (wherein the Court stated that "the tortious interference claim depends on whether the defendant acted in violation of the Vehicles Act"). Thus, this Court's dismissal of Count III for tortious interference with contract is legally erroneous and in direct contradiction of existing Third Circuit precedent. The "gist of the action" and "economic loss rule" doctrines simply do not apply to a tortious interference with contract claim under Pennsylvania law.

6. Pennsylvania common law also provides for imposition of punitive damages through the establishment of a claim for tortious interference with contract upon a showing of willful, malicious or reckless conduct by the defendant. Accordingly, the Court's dismissal of Brooks' attendant claim for punitive damages under Count III is also legally erroneous and premature.

WHEREFORE, for the reasons set forth herein, Plaintiffs respectfully request that the instant motion for reconsideration be granted and that the Court's Order be modified and amended to reinstate Count III of Plaintiffs' Complaint, along with Brooks' claim for punitive damages. A proposed order is being filed concurrently herewith.

Respectfully submitted,
DILWORTH PAXSON LLP

Dated: February 19, 2019

/s/ *John B. Consevage*
John B. Consevage, Esq. (PA Atty. I.D. No. 36593)
Jerry R. DeSiderato, Esq. (PA Atty. ID No. 201097)
Penn National Insurance Plaza
2 N. 2nd Street, Suite 1101
Harrisburg, PA 17101
Tel.: (717) 213-4105
Fax: (717) 236-7811
jconsevage@dilworthlaw.com
jdesiderato@dilworthlaw.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, John B. Consevage, do hereby certify that the foregoing *Plaintiffs' Motion For Reconsideration of the Court's Opinion and Order Granting Defendant's Motion to Dismiss Count III of Plaintiffs' Complaint* was electronically filed via the ECF system on the date set forth below, and therefore, made available to all counsel of record, as follows:

Robert Hugh Ellis, Esquire
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
Tel: (313) 568-6723
REllis@Dykema.com
*Attorneys for Defendant*

Dated: 2/19/19

John B. Consevage, Esq.
PA Atty. I.D. No. 36593
DILWORTH PAXSON LLP
Penn National Insurance Plaza
2 N. 2nd Street, Suite 1101
Harrisburg, PA 17101
Tel.: (717) 213-4105
Fax: (717) 236-7811
jconsevage@dilworthlaw.com
*Attorneys for Plaintiffs*